Brown v City of New York (2020 NY Slip Op 03721)





Brown v City of New York


2020 NY Slip Op 03721


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Gesmer, Moulton, JJ.


11732 153013/18

[*1] Sheila Brown, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jamison Davies of counsel), for respondent.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 7, 2019, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss plaintiff's New York City Human Rights Law retaliation claim, unanimously affirmed, without costs.
Plaintiff, a supervisor with the New York City Human Resources Administration (HRA) who lives in Staten Island, failed to allege a causal connection, based on temporal proximity, between her complaints about a supervisor's alleged discriminatory conduct and four alleged disadvantageous employment actions in 2017 (see Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]). Her previous federal litigation, which terminated in November 2015 (Brown v City of New York, 622 F Appx 19, 20 [2d Cir 2015]), was too remote in time (see Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 206 [1st Dept 2015]), and the complaint did not allege any "other facts supporting causation" (Harrington v City of New York, 157 AD3d 582, 586 [1st Dept 2018]). For the same reason, plaintiff cannot show a causal connection between complaints she made in March, May, and June 2017, which were resolved in July 2017 — to the extent they were protected activity — and the September 2017 decision to transfer her after two short-term assignments to the Bronx field office (see e.g. Brown, 622 F Appx at 20 [two-month gap insufficient]; Murray v Visiting Nurse Servs. of N.Y., 528 F Supp 2d 257, 275 [SD NY 2007] [three- or four-month gap generally insufficient], citing Clark County School Dist. v Breeden, 532 US 268, 273-274 [2001]).
Further, plaintiff cannot show a causal connection between her complaints and the three suspensions that plaintiff served in 2017, arising from conduct pre-dating her complaints. Those penalties were a "continuation of a course of conduct that had begun before [she] complained" (Sims v Trustees of Columbia Univ. in the City of N.Y., 168 AD3d 622, 623 [1st Dept 2019], quoting Melman v Montefiore Med. Ctr., 98 AD3d 107, 129 [1st Dept 2012]), in direct response to the latest misconduct accusation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK